NANCY R. PASOUR v. JOSEPH S. PIERCE, JR.; ROBERT L. HEAVNER; JOHN E. JENKINS; JAMES I. COX; AND LARRY L. BRITTAIN, INDIVIDUALLY AND D/B/A FIVE STAR DEVELOPERS; JOSEPH S. PIERCE, JR.; ROBERT L. HEAVNER; JOHN E. JENKINS; JAMES I. COX; LARRY L. BRITTAIN; AND EDWARD E. STEBBINS, INDIVIDUALLY AND D/B/A HOSPITAL PLAZA ASSOCIATES; PIERCE, HEAVNER & JENKINS BUILDERS, INC.; AND THE CITY OF GASTONIA, NORTH CAROLINA

No. 7927SC988

(Filed 6 May 1980)

**Appeal and Error § 6.2— decision as to fewer than all parties—appeal premature**

Plaintiff's appeal from the trial court's order dismissing the complaint against defendant city was premature, since the granting of the city's motion to dismiss disposed of the rights and liabilities of fewer than all the parties; nowhere in the trial court's order did it certify that there was no just reason for delay and thereby assure an immediate appeal of its order; and the signing of the appeal entry by the trial court did not, in and of itself, satisfy the affirmative act of certification required by Rule 54(b).

APPEAL by plaintiff from *Griffin, Judge.* Order entered 19 September 1979 in Superior Court, GASTON County. Heard in the Court of Appeals on 16 April 1980.

In this civil action plaintiff seeks to recover damages for personal injuries resulting from a fall allegedly caused by the negligence of the defendants in the construction, ownership and development of a building referred to as the "Hospital Plaza Building." In her complaint, plaintiff alleged that the individual defendants, d/b/a Five Star Developers, negligently constructed the building in that they

. . .

(b) Designed or had caused to be designed and/or constructed a four and one-half (4½) inch, more or less, wide step-off from said building onto the sidewalk below;

. . .

(d) They failed to follow established safety codes for the design and construction of this exit way;

The alleged negligence of the individual defendants, d/b/a Hospital Plaza Associates, consisted of their maintaining the exit way in the above-described condition without placing warning signs thereon, and their failing to warn plaintiff "of this latently dangerous exit way." Finally, plaintiff contended that the defendant City of Gastonia was negligent in that it approved the plans and issued its building permit for the construction of the Hospital Plaza Building without requiring the seal of a registered architect or a registered architectural corporation on the plans.

Thereupon, the defendant City of Gastonia moved to dismiss the complaint as to it, pursuant to Rule 12(b)(6), G.S. § 1A-1, for plaintiff's failure to state a claim against the City for which relief could be granted. The motion was allowed.

From an Order filed 20 September 1979 dismissing the complaint as to the City of Gastonia, the plaintiff appealed.

*Harris & Bumgardner, by R. Dennis Lorance, for the plaintiff appellant.*

*City Attorney Henry M. Whitesides and Assistant City Attorney Thomas C. Pollard for the defendant appellee City of Gastonia.*

HEDRICK, Judge.

Ordinarily, the allowance of a motion to dismiss is immediately appealable. This case, however, obviously involves multiple defendants, and the Order granting the City's motion to dismiss purports to dispose of the case as to that defendant only. G.S. § 1A-1, Rule 54(b), provides in pertinent part:

> *Judgment upon multiple claims or involving multiple parties.* — When more than one claim for relief is presented in an action, . . . or when multiple parties are involved, the court may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment. Such judgment shall then be subject to review by appeal or as otherwise provided by these rules or other statutes. In the absence of entry of such a final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not then be subject to review either by appeal or otherwise except as expressly provided by these rules or other statutes. Similarly, in the absence of entry of such a final judgment, any order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

It should be noted that section (b) of this rule does not define a final judgment. Rather, it simply provides for (1) the entry of such a judgment as to fewer than all the claims or all the parties in a multiple claim or multiple party lawsuit, and (2) a procedure whereby such a judgment as to fewer than all the claims or all the parties is immediately appealable. *Tridyn Industries, Inc. v. American Mutual Insurance Co.*, 296 N.C. 486, 251 S.E. 2d 443 (1979). While the record before us does not disclose what disposition, if any, has been made of plaintiff's claim against any defendants besides the City of Gastonia, counsel for plaintiff advised this Court at oral argument that those claims are still pending in the Superior Court of Gaston County. Clearly, the granting of the City's motion to dismiss the complaint as to it disposes of "the rights and liabilities of fewer than all the parties." Moreover,

the court did not employ the procedure established by the rule to assure an immediate appeal of its Order dismissing the plaintiff's claim against the City since nowhere in the order did the court certify that "there is no just reason for delay." *See Arnold v. Howard*, 24 N.C. App. 255, 210 S.E. 2d 492 (1974). This Court has held that "the signing of an appeal entry by the trial court cannot, in and of itself, be held to satisfy the affirmative act of certification required by Rule 54(b)." *Equitable Leasing Corp. v. Myers*, 46 N.C. App. 162, 172, 265 S.E. 2d 240, 247 (1980). Although the question has not been raised by the defendant, it is the duty of an appellate court to dismiss an appeal if there is no right to appeal. *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978).

Accordingly, we hold that the plaintiff's appeal is premature and must be dismissed.

Appeal dismissed.

Judges ARNOLD and ERWIN concur.