Harris v. DePencier

———————————

JOHN B. HARRIS v. ROBERT R. DePENCIER, DIAMONDHEAD REALTY, INC., AND PINEHURST, INC.

No. 8020SC946

(Filed 19 May 1981)

**Appeal and Error § 6.6— dismissal of complaint against two of three defendants—no right of appeal**

An order dismissing the complaint against two of the three defendants for failure to state a claim for relief against those two defendants was not immediately appealable, since the trial judge did not certify the order for appeal pursuant to G.S. 1A-1, Rule 54(b) by including a finding of no just reason for delay, and since the denial of an immediate appeal will not affect a substantial right of appellant within the purview of G.S. 1-277.

APPEAL by plaintiff from *Lane, Judge.* Order entered 26 August 1980 in Superior Court, MOORE County. Heard in the Court of Appeals 7 April 1981.

Plaintiff, the purchaser of a tract of land in Pinehurst, brought this action against the seller of the tract, defendant DePencier, and the two corporate defendants, seeking money damages and rescission of the purchase agreement. Plaintiff alleged that defendants breached an implied warranty of suitability for a particular purpose in that defendants knew or should have known that plaintiff intended to construct a private home on the property and that the soil conditions of the subject property rendered it unsuitable for such residential purposes. Plaintiff further alleged: that defendant DePencier and agents of defendant Diamondhead Realty, Inc. induced plaintiff to purchase the property by representing to plaintiff that the property was suitable for residential purposes; that defendant Pinehurst, Inc. was the owner of the property prior to defendant DePencier; and, that DePencier was the employee and agent of defendant Pinehurst, Inc.

Defendants answered, and the two corporate defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted. The trial judge granted the motion and dismissed plaintiff's action as to defendants Diamondhead Realty, Inc. and Pinehurst, Inc. Plaintiff has appealed from this order.

*Pollock, Fullenwider, Cunningham & Pittman, P.A., by Bruce T. Cunningham, Jr., for plaintiff appellant.*

*Van Camp, Gill & Crumpler, P.A., by D. T. Scarborough III, for defendant appellees.*

WELLS, Judge.

The threshold question we must consider is whether an immediate appeal lies from Judge Lane's order. *See, Bailey v. Gooding,* 301 N.C. 205, 208, 270 S.E. 2d 431, 433 (1980). Judge Lane's order did not adjudicate all the claims or the rights and liabilities of all the parties joined in plaintiff's action. It finally adjudicated only the rights and liabilities of two of the parties, the two corporate defendants. Under G.S. 1A-1, Rule 54 of the Rules of Civil Procedure, such a final determination of the rights and liabilities of one or more but less than all of the parties in a multiple party action, is immediately appealable only if the trial judge specifies in the order that "there is no just reason for delay." *Arnold v. Howard,* 24 N.C. App. 255, 210 S.E. 2d 492 (1974); *see*

Harris v. DePencier

*also, Pasour v. Pierce*, 46 N.C. App. 636, 265 S.E. 2d 652 (1980); *Leasing Corp. v. Myers*, 46 N.C. App. 162, 265 S.E. 2d 240, *appeal dismissed*, 301 N.C. 92, --- S.E. 2d --- (1980). Judge Lane did not, however, certify this order for appeal pursuant to Rule 54(b) by including the finding of no just reason for delay.

Actions by the trial court, if not final or if final but not properly certified by the trial judge pursuant to Rule 54(b), are nonetheless immediately appealable if the denial of an immediate appeal would affect a substantial right and work an injury to the appellant. G.S. 1-277 (Cum. supp. 1979); *Bailey v. Gooding, supra; Oestreicher v. Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976); *see also, Veazey v. Durham*, 231 N.C. 354, 57 S.E. 2d 377 (1950). In the case *sub judice*, if denied an immediate appeal plaintiff can preserve his right to judicial review of Judge Lane's order by preserving his exception to the order granting the motion to dismiss. Upon appropriate exception, such orders or judgments are reviewable on an appeal from the final judgment adjudicating all claims, rights and liabilities in the cause. *Bailey v. Gooding, supra*, at 209, 270 S.E. 2d at 434, *quoting with approval Veazey v. Durham, supra*, at 362, 57 S.E. 2d at 381-82; *Green v. Duke Power Co.*, 50 N.C. App. 646, 648, 274 S.E. 2d 889, 891 (1981). Although plaintiff may suffer the necessity of a separate trial on his claims against the corporate defendants, the avoidance of a separate trial on those claims is not a "substantial right" entitling plaintiff to immediate appeal. *See, Industries, Inc. v. Insurance Co.*, 296 N.C. 486, 491-93, 251 S.E. 2d 443, 447-48 (1979); *Waters v. Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E. 2d 338, 344 (1978); *Green v. Duke Power Co., supra; see, Pasour v. Pierce, supra; but cf., Oestreicher v. Stores, supra* (a substantial right of plaintiff would be affected if plaintiff's claim for punitive damages was not heard before the same judge and jury as heard the claim for compensatory damages). This appeal is therefore premature and must be dismissed. Plaintiff's exception to Judge Lane's order will be preserved.

Appeal dismissed.

Judges VAUGHN and CLARK concur.