FEDERAL LAND BANK OF COLUMBIA, PLAINTIFF v. SAMUEL LIEBEN, DE-FENDANT, CROSS-CLAIM PLAINTIFF AND THIRD PARTY PLAINTIFF v. GOODSON FARMS, INC., J. MICHAEL GOODSON AND ESTATE OF GREYLIN R. GOOD-SON, DEFENDANTS AND CROSS-CLAIM DEFENDANTS v. EDWARD F. MOORE, THIRD PARTY DEFENDANT

No. 874SC43

(Filed 7 July 1987)

1. **Uniform Commercial Code § 33— promissory note signed by defendants—liability—no evidence of suretyship**

    The trial court properly entered summary judgment for plaintiff against defendants as principal debtors on a promissory note where the note provided that it was "the joint and several obligation of all persons executing it. Given under the hand and seal of the undersigned"; defendants signed the note directly below this language on the lower right-hand corner of the document; and there is a presumption that, nothing else appearing, a person who signs his or her name on the right-hand bottom corner of the face of a promissory note is a maker of that note and is primarily liable thereon. Furthermore, defendants failed to present any forecast of evidence to support their defense that they were sureties, not makers, and an assertion that their farm received proceeds of the loan and that they did not personally receive any funds was irrelevant to the suretyship defense.

2. **Attorneys at Law § 7.4— promissory note—attorneys' fees—notice of intention to enforce provisions**

    In an action to recover on a promissory note there was no merit to defendants' contention that they did not receive notice pursuant to N.C.G.S. § 6-21.2 that plaintiff was going to enforce the attorneys' fees provision of the note which they had executed, since plaintiff sent a letter addressed to the president of defendants' farm corporation, a letter addressed to one defendant, and a letter to defendants' attorney, each giving notice of intent to collect at-

Federal Land Bank v. Lieben

torneys' fees; furthermore, the last letter to defendants' attorney was not rendered ineffectual because litigation had already commenced or because it was sent to the attorney rather than to defendants themselves.

APPEAL by defendants Goodson from *Barefoot, Judge*. Order entered 11 August 1986 in Superior Court, DUPLIN County. Heard in the Court of Appeals 9 June 1987.

On 20 August 1985, plaintiff Federal Land Bank of Columbia (hereinafter, Land Bank) filed this action to recover on a guaranty executed by defendant Samuel Lieben guaranteeing payment of a loan of $1,350,000 made by Land Bank to Goodson Farms, Inc., J. Michael Goodson, and Greylin R. Goodson. Defendant Lieben responded to the complaint with a motion to add as additional defendants Goodson Farms, Inc., J. Michael Goodson, and the Estate of Greylin R. Goodson (hereinafter, defendants Goodson). The court allowed this motion, and Land Bank filed an amended complaint alleging that defendants Goodson, as principal debtors on a promissory note in favor of Land Bank, had failed and refused to pay the annual installment on the debt according to the terms of the note and that the entire indebtedness was currently due and payable. Defendant Lieben filed a timely answer to the amended complaint which denied liability and asserted various defenses, including a counterclaim, crossclaims, and a third party complaint against Edward F. Moore. Defendants Goodson filed timely answers to plaintiff's amended complaint and to defendant Lieben's crossclaims. Plaintiff Land Bank filed a timely reply to defendant Lieben's defenses and counterclaim, and third party defendant Moore filed a timely answer to defendant and third party plaintiff Lieben's third party complaint.

On 10 July 1986, plaintiff Land Bank filed a motion for summary judgment. On 11 July 1986, defendant Lieben filed a motion for summary judgment. By order dated 11 July 1986, the trial court denied both motions. Thereafter, on plaintiff Land Bank's motion for reconsideration of the order, the trial court granted summary judgment in favor of plaintiff Land Bank against defendants Goodson.

*Wells, Blossom and Burrows, by Richard L. Burrows, for plaintiff-appellee.*

*Kornegay and Head, P.A., by G. Russell Kornegay, III, for defendant-appellants.*

PARKER, Judge.

In the case before us, the trial court granted summary judgment in favor of plaintiff Land Bank against defendants Goodson Farms, Inc., J. Michael Goodson, and the Estate of Greylin R. Goodson, entitling plaintiff to recover of defendants Goodson, jointly and severally, the entire loan balance due, plus interest and attorneys' fees. Still to be determined in the trial court are (i) plaintiff Land Bank's claim based on the guaranty executed by defendant Lieben; (ii) defendant Lieben's counterclaim against plaintiff Land Bank for breach of fiduciary duty and for fraud; (iii) defendant Lieben's crossclaims against defendants Goodson for subrogation, for breach of fiduciary duty, and for fraud; and (iv) defendant and third party plaintiff Lieben's third party complaint against third party defendant Moore for indemnification. The trial court's order did not certify that there was "no just reason for delay" of appellate review of the order pursuant to G.S. 1A-1, Rule 54(b). Therefore, this appeal is interlocutory and subject to dismissal unless this Court determines that defendants Goodson would be deprived of a substantial right if the order is not reviewed before final judgment. G.S. 1-277(a) and 7A-27(d)(1). *See also Oestreicher v. Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976).

The "substantial right test" for appealability requires consideration of the particular facts of the case and the procedural context of the order from which appeal was taken. *Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978). The case before us involves the respective liabilities among the alleged obligors, sureties, guarantors, indemnitor, and payee on a loan of $1,350,000. Because of the complexity of the facts and the possibility of inconsistent verdicts in separate trials, the order allowing summary judgment as to fewer than all defendants affects a substantial right. *See Bernick v. Jurden*, 306 N.C. 435, 293 S.E. 2d 405 (1982).

In this appeal, defendants Goodson contend that the trial court erred in entering summary judgment because there was a triable issue of fact as to whether J. Michael Goodson and Greylin R. Goodson signed the note as joint obligors or as sureties. Defendants Goodson further contend that as sureties on the note they may assert as a defense discharge due to a material alteration of the underlying debt. After a careful review of the record,

we conclude that defendants Goodson have failed to sufficiently set forth specific facts showing there is a genuine issue for trial. We, therefore, affirm the order of the trial court granting summary judgment for plaintiff Land Bank against defendants Goodson.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). When the party bringing the action moves for summary judgment, that party must establish that the facts as to each essential element of its claim are in its favor and that there is no genuine issue of material fact with respect to any essential element. *Development Corp. v. James*, 300 N.C. 631, 637, 268 S.E. 2d 205, 209 (1980). Once the movant has met this burden, the "adverse party may not rest upon the mere allegations or denials of his pleading, but his response . . . must set forth specific facts showing that there is a genuine issue for trial." G.S. 1A-1, Rule 56(e). If the non-movant fails to so respond, summary judgment is properly entered against him. *Id.*

[1] Attached to plaintiff Land Bank's amended complaint and marked as "Exhibit D" was a promissory note in the amount of $1,350,000, dated 31 July 1979, designating as payee plaintiff Land Bank. The last paragraph of the note states the following:

> This note is the joint and several obligation of all persons executing it. Given under the hand and seal of the undersigned.

Directly below this language, on the lower right-hand corner of the document, were the following endorsements: "Goodson Farms, Inc., by J. Michael Goodson, president"; "J. Michael Goodson"; and "Greylin R. Goodson." In their answer to the complaint, defendants Goodson admitted that "Exhibit D," the promissory note, and other documents were attached to the complaint and asserted, "These documents are the best evidence of their contents." In support of its motion for summary judgment, plaintiff Land Bank submitted, attached to the affidavit of a Land Bank employee, "Exhibit P-3," a copy of the Land Bank form which was mailed to defendants Goodson approving their loan subject to a list of "Special Conditions." The list of special conditions included the requirement, "That the note evidencing the loan be signed not

only by Goodson Farms, Inc., but also by J. Michael Goodson and wife, Greylin R. Goodson as joint and several makers of the note, along with the corporation."

In his affidavit, filed 21 July 1986, J. Michael Goodson stated, "That Greylin R. Goodson and I signed the Note which is the subject of this action only because the Federal Land Bank required our signatures for the loan to be closed." In his deposition of 20 February 1986, the following exchange took place between J. Michael Goodson and plaintiff Land Bank's attorney:

Q. This is the promissory note you executed on July 31, 1979 —

A. Correct.

Q. — to the Federal Land Bank for $1,350,000?

A. Correct.

Q. You signed it, did you not, as president of Goodson Farms and individually, and your wife, Mrs. Greylin R. Goodson, also signed it at that time, did she not?

A. Yes.

The presumption is that nothing else appearing, a person who signs his or her name on the right-hand bottom corner of the face of a promissory note is a maker of that note and is primarily liable thereon. *O'Grady v. Bank*, 296 N.C. 212, 250 S.E. 2d 587 (1978); *Bank v. Jonas*, 212 N.C. 394, 193 S.E. 265 (1937); *Trust Co. v. York*, 199 N.C. 624, 155 S.E. 263 (1930); *Howell v. Roberson*, 197 N.C. 572, 150 S.E. 32 (1929). However, this presumption may be rebutted by parole evidence that the signer of the note is a surety and that the creditor knew at the time he received the note that the signer of the note was signing as a surety. *Davis v. Alexander*, 207 N.C. 417, 177 S.E. 417 (1934); *Furr v. Trull*, 205 N.C. 417, 171 S.E. 641 (1933); *Barnes v. Crawford*, 201 N.C. 434, 160 S.E. 464 (1931); *Welfare v. Thompson*, 83 N.C. 276 (1880). The burden is on the signer to show by the greater weight of the evidence that he signed the note as a surety and not as maker as shown on the face of the note. *Trust Co. v. York*, 199 N.C. at 629, 155 S.E. at 265. *See also Bank v. Jonas, supra.*

Defendants Goodson, in support of their contention that they signed the note as sureties, assert that Goodson Farms received

the proceeds of the loan evidenced by the promissory note and "That neither Greylin R. Goodson nor [J. Michael Goodson] have personally received any funds whatsoever from the monies that were loaned by the Federal Land Bank of Columbia to Goodson Farms, Inc." This contention is irrelevant to the suretyship defense. *See Fidelity Bank v. Garner*, 52 N.C. App. 60, 277 S.E. 2d 811 (1981). Moreover, the record reveals that the bulk of the loan evidenced by the note was used to liquidate prior loans made by Land Bank to J. Michael Goodson and Greylin R. Goodson individually.

On the undisputed facts, plaintiff Land Bank has established the essential elements of its claim; defendants Goodson have failed to present any forecast of evidence to support their defense that they were sureties, not makers, or to raise any genuine issue of material fact to defeat plaintiff's claim.

[2] Finally, defendants Goodson contend that they did not receive notice pursuant to G.S. 6-21.2 that plaintiff Land Bank was going to enforce the attorneys' fees provision of the note that they executed. This contention is without merit.

General Statute 6-21.2(5) requires the holder of a note such as the one at issue in this case, "after maturity of the obligation by default or otherwise," to "notify the maker . . . that the provisions relative to payment of attorneys' fees in addition to the 'outstanding balance' shall be enforced and that such maker . . . has five days from the mailing of such notice to pay the 'outstanding balance' without the attorneys' fees." There is ample evidence in the record that plaintiff Land Bank has complied with this provision.

Attached to plaintiff Land Bank's amended complaint were letters marked "Exhibit C-2" and "Exhibit C-3," each dated 28 June 1985 and signed by an officer of plaintiff Land Bank. "Exhibit C-2" was addressed to the president of Goodson Farms, Inc. "Exhibit C-3" was addressed to defendant J. Michael Goodson. The final paragraph of each letter stated the following:

> Unless a satisfactory arrangement is made within fifteen days from the date of this letter, I shall, without further notice to you, proceed with foreclosure. If foreclosure proceedings are initiated, we will enforce the provisions of our

note and deed of trust regarding payment of attorney's fees in addition to the outstanding balance due.

In their answer, defendants Goodson admitted that "Exhibits C-2" and "C-3" were attached to the complaint and stated, "It is further admitted that the plaintiff has purported to declare the entire indebtedness due and payable." On 1 August 1986, ten days prior to the trial court's order granting summary judgment and attorneys' fees, plaintiff Land Bank's attorney sent to defendants Goodson's attorney, by certified mail, return receipt requested, a letter again giving notice of plaintiff Land Bank's intent to seek attorneys' fees unless defendants Goodson paid the outstanding balance within five days.

The letters to defendant J. Michael Goodson and to Goodson Farms, Inc. gave sufficient notice that if no "satisfactory arrangements" were made within fifteen days from receipt of the letter, plaintiff Land Bank intended to enforce the terms of the promissory note regarding attorneys' fees. The letter of 1 August 1986 to defendants Goodson's attorney, after litigation of plaintiff Land Bank's claims had commenced, more carefully tracked the language of G.S. 6-21.2(5). This latter letter was not rendered ineffectual because litigation had already commenced. *See Gillespie v. DeWitt*, 53 N.C. App. 252, 280 S.E. 2d 736, *disc. rev. denied*, 304 N.C. 390, 285 S.E. 2d 832 (1981). Moreover, once litigation has begun, notice of a party's intent to collect attorneys' fees pursuant to G.S. 6-21.1 is not defective because it is sent to a party's attorney of record. *See Trust Co. v. Larson*, 22 N.C. App. 371, 206 S.E. 2d 775, *cert. denied*, 286 N.C. 214, 209 S.E. 2d 315 (1974).

For the foregoing reasons, after careful examination of the record, we affirm the order of the trial court granting summary judgment.

Affirmed.

Judges ARNOLD and JOHNSON concur.