WILSON HEIGHTS CHURCH OF GOD, PLAINTIFF v. OMEGA R. AUTRY, MILDRED B. HOUGH, LILLIE ANN ELLIOT, CARY F. MAXWELL, EDWARD ANDREW LINDSAY, LLOYCE AUTRY, INDIVIDUALLY, AND FREELANDER, INC., DEFENDANTS v. JESSE L. MOSS, ADDITIONAL DEFENDANT; OMEGA R. AUTRY, THIRD PARTY PLAINTIFF v. DEXTER CARR, INDIVIDUALLY, D/B/A REVELATIONS COMPANY, THIRD PARTY DEFENDANT

No. 8826SC782

(Filed 6 June 1989)

1. **Appeal and Error § 6.2— summary judgment settling fewer than all claims of all parties—appeal proper**

    Summary judgment entered by the trial court in favor of third party defendant was immediately appealable, though it settled fewer than all the claims of all the parties and the trial judge failed specifically to certify that there was no just reason for delay, where the issues giving rise to third party plaintiff's claim against third party defendant grew solely from her exclusive dealings with him and were completely separate from those between plaintiff and defendant.

2. **Equity § 2— laches—summary judgment improper where genuine issue of fact existed**

    The trial court erred in entering summary judgment for defendant based on his affirmative defense of laches where plaintiff filed her claim within the applicable statute of limitations, and defendant failed to assert or provide any supporting

evidence that he suffered any inequity or that plaintiff delayed unnecessarily in filing her claim.

**3. Brokers and Factors § 6.3— services rendered by broker— improper practices of broker—action to recover fees not barred**

The fact that a broker has rendered the agreed upon services to a prospective borrower will not estop the borrower from seeking recovery under the provisions of N.C.G.S. § 66-111; therefore, the trial court erred in entering summary judgment for defendant on the ground that plaintiff was estopped from contesting any compensation which she had paid to defendant because she had received the benefits of her dealings with·him.

**4. Rules of Civil Procedure § 56— summary judgment motion hearing—unpled affirmative defenses heard for first time—no notice to plaintiff**

While unpled affirmative defenses may be heard for the first time during a summary judgment motion hearing, both parties must be aware of the defense. There was no evidence that plaintiff had any notice of defendant's defense that plaintiff was not the real party in interest, and the trial court therefore should not have considered such defense.

APPEAL by third party plaintiff from *Snepp (Frank W., Jr.), Judge.* Judgment entered 5 February 1988 and Order entered 25 March 1988 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 13 March 1989.

Plaintiff, Wilson Heights Church of God (Wilson Heights), filed an action against defendants, trustees of Wilson Heights, seeking monetary, injunctive and declarative relief and alleging that defendants willfully and without authority transferred real property owned by plaintiff to individual defendant and third party plaintiff, Omega Autry (Autry), who in turn used the property as collateral for a loan granted by defendant, Freelander, Inc. (Freelander). Autry by way of answer and counterclaim alleged that the property was transferred and the loan was secured in an effort to pay off a tax lien on plaintiff's property and that plaintiff was thus liable for a pro rata share of the loan principal and interest payments. Additionally, Autry filed a third party claim against loan broker, Dexter Carr (Carr) d/b/a Revelations, Inc. Autry charged Carr with unfair and deceptive trade practices under G.S. 75-1.1 and violations of various disclosure and registration requirements for loan brokers

under G.S. 66-106 through 66-109. Carr answered alleging *inter alia* laches and estoppel.

On 5 February 1988, the trial court denied Autry's summary judgment motion as to Carr but granted Carr's summary judgment motion as to Autry. Autry's subsequent motions to amend, to set aside judgment and for relief from judgment were denied. Autry appeals.

*R. Lee Myers and G. Patterson Williams, III, for Third Party plaintiff-appellant.*

*No appearance for Dexter Carr, Third Party defendant.*

LEWIS, Judge.

Autry brings forward two assignments of error. She first contends that the trial court erred in denying her motion for summary judgment and granting summary judgment in favor of third party defendant Carr. Autry also contends that the trial court erred in denying her subsequent motions to amend, to set aside the judgment and for relief from judgment.

[1] Initially, we note that the summary judgment entered for defendant by Judge Snepp involves less than all the parties or claims arising in this action. Thus, the first issue we must address and one not raised by either party is whether summary judgment granted only as to Carr is immediately appealable or subject to dismissal under G.S. 1A-1, Rule 54(b). G.S. 1A-1, Rule 54(b) provides in pertinent part:

> (b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, or when multiple parties are involved, the court may enter a final judgment as to one or more but fewer than all of the claims or parties *only if* there is no just reason for delay and it is so determined in the judgment. Such judgment shall then be subject to review by appeal or as otherwise provided by these rules or other statutes. In the absence of entry of such a final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not then be subject to review

either by appeal or otherwise except as expressly provided by these rules or other statutes.

(Emphasis added.) In the case before us the trial judge failed to specifically certify that there was "no just reason for delay" for appellate review, thus the appeal is considered interlocutory. *Federal Land Bank v. Lieben*, 86 N.C. App. 342, 357 S.E. 2d 700 (1987). However, our courts have held that actions "not properly certified by the trial judge pursuant to Rule 54(b) are nonetheless immediately appealable if denial of an immediate appeal would affect a substantial right and work an injury to the appellant. G.S. 1-277." *Harris v. DePencier*, 52 N.C. App. 161, 163, 278 S.E. 2d 759, 760 (1981).

The "substantial right test" for appellate review requires the court to consider the particular facts of the case and the procedural context in which the order was entered. *Federal Land Bank, supra.* Here, the issues giving rise to Autry's claim against Carr grew solely from her exclusive dealings with him. She seeks damages for alleged statutory violations by Carr occurring in the course of these dealings. The primary lawsuit initiated by Wilson Heights involves the separate, unrelated dispute over the transfer and ownership of certain property. Under these facts, we believe a "substantial right" of plaintiff has been affected and is appealable under G.S. 1-277 and 7A-27. Summary judgment here denies plaintiff a trial on its claim against defendant and in effect determines the claim for defendant. *See Nasco Equipment Co. v. Mason*, 291 N.C. 145, 229 S.E. 2d 278 (1976).

Having determined that the summary judgment entered by the court in favor of defendant is immediately appealable, we now hold that such a judgment was not proper in this case. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). A party moving for summary judgment has the burden of showing that there is no triable issue of fact and that she is entitled to judgment as a matter of law. *Edwards v. Akion*, 52 N.C. App. 688, 279 S.E. 2d 894, *aff'd*, 304 N.C. 585, 284 S.E. 2d 518 (1981). A defendant may meet this burden by proving that an essential element of a plaintiff's claim is missing or that a plaintiff cannot surmount an affirmative defense which bars the claim. *Bernick v. Jurden*, 306 N.C. 435, 293 S.E. 2d 405 (1982). Carr has failed to meet his burden.

[2] Carr alleges in his answer the affirmative defenses of laches and estoppel. Neither defense entitles defendant to summary judgment in this case. Carr asserts that Autry waited more than two years to bring an action against him during which time she never once expressed dissatisfaction with his services. The applicable statute of limitations is three years. *See* G.S. 1-52(2). Autry allegedly sought Carr's services in the summer of 1985 and filed her third party claim in September of 1987 thus within the allotted time limitation. However, laches is an equitable remedy which defendant may properly assert even if the action was brought within the applicable period of time. *See McRorie v. Query*, 32 N.C. App. 311, 232 S.E. 2d 312, *disc. rev. denied*, 292 N.C. 641, 235 S.E. 2d 62 (1977). The court in *McRorie*, in addressing whether the defense of laches was proper in that case, noted:

> The question is primarily whether the delay in acting results in an inequity to the one against whom the claim is asserted. . . . Also to be considered is whether the one against whom the claim is made had knowledge of the claimant's claim and whether the one asserting the claim had knowledge or notice of the defendant's claim and had been afforded the opportunity of instituting an action.

*Id.* at 323, 232 S.E. 2d at 320. Carr has failed to assert or provide any supporting evidence that he suffered any inequity or that Autry delayed unnecessarily in filing her claim; thus a genuine issue of fact remains as to whether laches would successfully bar her claim.

[3] Carr further asserts that because Autry received the benefits of her dealings with him, she is estopped from contesting any compensation she paid to him. We do not agree. Autry seeks among other things in her complaint reimbursement of the $6,000.00 commission paid to Carr due to his alleged violations under G.S. 66-106 through 66-109. This remedy is allowed under G.S. 66-111(a) which states that "the prospective borrower may void the contract, and shall be entitled to receive from the broker all sums paid to the broker, and recover any additional damages." This language obviously contemplates that a borrower has received some form of "benefit" or service for which a broker received compensation. Therefore it logically follows that the fact that a broker did render the agreed upon services to a prospective borrower would not estop the borrower from seeking recovery under the provisions of G.S. 66-111. To hold otherwise would render meaningless the

language of that statute. Carr has failed to meet his burden of establishing affirmative defenses which would bar recovery.

**[4]**    Autry contends in her brief that the actual basis for the trial court's granting summary judgment to Carr was that she was not a real party in interest. Although the court's judgment did not state the specific grounds for dismissal of Autry's claim, we are of the opinion that summary judgment on the ground alleged by plaintiff would not be proper in this case. Carr did not raise the "real party" issue in his pleadings. Autry argues that in fact the first time Carr raised the issue was during the motion hearing. While unpled affirmative defenses may be heard for the first time during the summary judgment motion hearing, both parties must be aware of the defense. *Gillis v. Whitley's Discount Auto Sales*, 70 N.C. App. 270, 319 S.E. 2d 661 (1984); *Dickens v. Puryear*, 45 N.C. App. 696, 263 S.E. 2d 856 (1980), *rev'd on other grounds*, 302 N.C. 437, 276 S.E. 2d 325 (1981). There is no evidence Autry had any notice of this defense prior to the motion hearing. Given the apparent lack of notice as to Carr's "real party" defense and the provisions of Rule 56(c) which set forth the forms of evidence which the court may properly consider in determining if summary judgment is warranted, this defense should not have been considered, if it was, by the trial court in granting summary judgment.

Autry also assigns as error the trial court's denial of her motions to amend, to set aside the judgment and for relief from judgment. Given our determination that summary judgment for Carr was improper in the first instance, we do not reach this assignment.

Finally, Autry assigns as error the denial of her motion for summary judgment. Denial of summary judgment is interlocutory in nature and not appealable under G.S. 1-277 and 7A-27 unless a substantial right of plaintiff is affected if appeal is not heard before final judgment. *Equitable Leasing Corp. v. Myers*, 46 N.C. App. 162, 265 S.E. 2d 240, *appeal dismissed*, 301 N.C. 92, --- S.E. 2d --- (1980). Since plaintiff here will ultimately have the opportunity to have her claim heard at trial, we find Autry's appeal on this issue interlocutory and dismiss this portion of her appeal.

For the reasons stated herein the court's summary judgment in favor of Carr is reversed and Autry's appeal of the court's denial of her motion for summary judgment is dismissed.

CITY OF WILSON v. CAROLINA BUILDERS

[94 N.C. App. 117 (1989)]

Reversed in part; dismissed in part.

Chief Judge HEDRICK and Judge WELLS concur.