ROSCOE FRIZZELLE, MARTIN B. BAREFOOT, DEBBIE BAAS, JOHNNIE J.
CHALMERS, WILLIAM N. STEWART, L. V. BETHEA, RICHARD D.
STEVENS, FOSTER MATTHES, MELVIN STEWART, THOMAS L. HAYES,
RONNIE THORNE, CALVIN DOUGLAS, BENNY J. PHILLIPS, WAYNE
G. CURRIN, LINWOOD TURNER, AND OTHERS, Plaintiffs v. HARNETT
COUNTY, LLOYD STEWART, BILL SHAW, RUDY COLLINS, MACK REID
HUDSON, MAYO SMITH, County Commissioners, THE HARNETT COUN-
TY ZONING BOARD OF ADJUSTMENTS, H. L. SORRELL, C. P.
TARKINGTON, BLOUNT WHITESIDE, DAN ANDREWS, and HAROLD
ALLEN, Defendants

No. 9111SC247

(Filed 19 May 1992)

1. **Municipal Corporations § 30.20 (NCI3d) — zoning ordinance —
notice — sufficiency**

Summary judgment was properly granted for defendant
county in a challenge to a zoning ordinance where the first
notice was inadequate but the second gave plaintiffs the oppor-
tunity to present their objections to the zoning map as it
pertained to their section of the county. The first notices of
a hearing prior to the enactment of the zoning ordinance were
neither reasonable nor adequate to apprise plaintiffs and other
landowners within the southern section of Harnett County
of the pending process of adopting a zoning ordinance where
the notices were entitled "NOTICE OF PUBLIC HEARING ON
ZONING ORDINANCE AND ZONING MAP FOR THE FIRST
QUADRANT." The title was misleading and failed to adequate-
ly apprise those landowners in the southern section of the
county that their rights might be affected by the proposed
zoning ordinance. Although defendant county argues that plain-
tiff landowners did in fact have notice of the ordinance because
some plaintiffs and one plaintiff's attorney were present at
the hearing, there is no evidence in the record which shows
that all of the plaintiffs or landowners in the southern section
of Harnett County had actual notice of the intended purpose
of the hearing or were represented at the hearing. However,
defendant county gave proper notice to the residents of the
southern section of the county in the second notices which
were published after the enactment of the zoning ordinances
and which stated that there would be a hearing on the zoning
map for the southern half of Harnett County. The second notices
were not inadequate, as plaintiffs contended, because they

related only to the map and not to the enactment or extension
of the ordinance to the southern half of the county, because
the mere mentioning of the map implies that there is an accom-
panying zoning ordinance text. N.C.G.S. § 153A-344 only re-
quires the zoning agency to prepare both the map and zoning
ordinance; it does not require that both be mentioned in the
title of the legal notice.

**Am Jur 2d, Zoning and Planning §§ 50, 53.**

**Validity and construction of statutory notice requirements
prerequisite to adoption or amendment of zoning ordinance
or regulation. 96 ALR2d 449.**

2. **Municipal Corporations § 30.20 (NCI3d) — zoning ordinance —
failure to have map for entire county — zoning implemented
on area by area basis — no error**

Plaintiffs' contention was without merit where plaintiffs
contended that a zoning ordinance was invalid because there
was no map of the southern half of the county available at
the public hearing on 18 July 1988, when the ordinance was
adopted. N.C.G.S. § 153A-342 does not require the county to
have a zoning map for the entire county when its objective
is to implement zoning on an area by area basis. N.C.G.S.
§ 153A-344 must be read in conjunction with N.C.G.S. § 153A-342;
reading the two statutes together indicates that only a map
of the area then being zoned and the full text of the ordinance
are required.

**Am Jur 2d, Zoning and Planning §§ 49, 53.**

3. **Municipal Corporations § 30.20 (NCI3d) — zoning ordinance —
amendment — procedures**

The addition of the southern section of the county to
the northern half, which was already zoned, constituted an
amendment to the zoning ordinance. N.C.G.S. § 153A-343 ap-
plies only when tax maps are available for the areas to be zoned.

**Am Jur 2d, Zoning and Planning §§ 49, 53.**

4. **Municipal Corporations § 30.20 (NCI3d) — zoning ordinance —
notice requirements for amendment — not followed — set aside**

A zoning amendment was set aside as to the southern
section of Harnett County where the clear and unequivocal
language of the zoning ordinance itself required notice by mail

and posting of the property to be zoned and the county failed to follow its own procedures as delineated in the ordinance that it wrote. Although the county contended that the sections of the ordinance apply only to changes and amendments made after the initial adoption of the ordinance in a particular area, the county was the drafter of the ordinance and failed to exclude county-wide zoning from the sections requiring notice by posting and by mail.

**Am Jur 2d, Zoning and Planning § 50.**

**Validity and construction of statutory notice requirements prerequisite to adoption or amendment of zoning ordinance or regulation. 96 ALR2d 449.**

5. **Limitation of Actions § 16 (NCI3d)— challenge to zoning ordinance—statute of limitations—raised in affidavit**
    The defendants in a challenge to a zoning ordinance could not raise the statute of limitations in N.C.G.S. § 1-54.1 where defendants failed to affirmatively plead the statute of limitations in their answer, but raised it by affidavit at the summary judgment hearing. Although an affirmative defense may be raised for the first time by affidavit for the purpose of ruling on summary judgment, both parties must be aware of the defense and there is no evidence in this case that plaintiffs were aware of the defense.

**Am Jur 2d, Limitation of Actions § 454.**

Judge ORR concurring in the result.

APPEAL by plaintiffs from judgment entered 12 December 1990 by *G. K. Butterfield, Jr.*, in HARNETT County Superior Court. Heard in the Court of Appeals 4 December 1991.

Plaintiffs initiated this suit on 4 August 1989, contesting the validity of the enactment and implementation of a Harnett County zoning ordinance and its application to the residents and landowners of the southern section of Harnett County. Defendants filed a motion to dismiss and an answer denying the invalidity of the zoning ordinance and seeking dismissal of plaintiffs' action. After discovery, both parties filed motions for summary judgment. Defendants' motion for summary judgment was granted. Plaintiffs gave timely notice of appeal.

FRIZZELLE v. HARNETT COUNTY

[106 N.C. App. 234 (1992)]

The Harnett County Board of Commissioners published notices in various local newspapers, entitled: "NOTICE OF PUBLIC HEARING ON ZONING ORDINANCE AND ZONING MAP FOR THE FIRST QUADRANT." The notices stated that the purpose of the hearing was "to hear the views of the residents of Harnett County on the proposed Zoning Ordinance Text. In addition, the hearing will also solicit views of the residents in the first zoning quadrant on the district boundaries and zoning map of this quadrant."

The Cape Fear River roughly divides Harnett County into northern and southern sections. The notices defined the first zoning quadrant as "the area north of the Cape Fear River and west of North Carolina Highway 210." At the time of these hearings, prior to 18 July 1988, the only map showing proposed district boundaries, related to the first quadrant north of the Cape Fear River.

The Harnett County Board of Commissioners voted on 18 July 1988 to adopt a zoning ordinance. Article II of the ordinance provided that "[t]he provisions of the Ordinance shall apply to the unincorporated areas of Harnett County as specifically identified and delineated on the zoning map identified as 'The Official Map of Harnett County, North Carolina.'" At that time, no map relating to the southern section of the county was available.

In October of 1988, notices were again published. The notices were entitled: "NOTICE OF PUBLIC HEARING ON THE ZONING MAP FOR THE SOUTHERN HALF OF HARNETT COUNTY." The stated purpose of this hearing was "to solicit the views of the residents of Harnett County on the proposed Zoning Map of the Southern Half of the County (all of the area South of the Cape Fear River)." In addition, the hearing was to address an amendment to the zoning ordinance text which would add a fourth residential district to the zoning ordinance.

On 3 April 1989, by resolution, the Harnett County Board of Commissioners stated that they deemed it "appropriate to implement the Zoning Ordinance for Harnett County, adopted July 18, 1988, in the Southern Section of Harnett County[.]" It was resolved that "the Zoning Ordinance for Harnett County shall be and become effective in all of the unincorporated areas in Harnett County . . . to which said Zoning Ordinance has not heretofore applied, and that the Zoning Maps for the northern and southern sections

of Harnett County dated July 18, 1988 and April 3, 1989 be integrated to form the Official Zoning Maps for Harnett County[.]"

*Edgar R. Bain and Alton D. Bain for plaintiffs-appellants.*

*W. Glenn Johnson and W. A. Johnson for defendants-appellees.*

JOHNSON, Judge.

[1]  Plaintiffs, contesting the validity of the Harnett County zoning ordinance as to the southern section of the county, first argue that the trial court erred in granting defendants' motion for summary judgment because the notices of the hearing prior to the enactment of the zoning ordinance on 18 July 1988 were neither reasonable nor adequate to apprise plaintiffs and other landowners within the southern section of Harnett County of the pending process of adopting a zoning ordinance; therefore, the notices were in contravention of G.S. § 153A-323 (1987) and due process of law.

Summary judgment is properly granted if the pleadings, depositions, interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that a party is entitled to summary judgment as a matter of law. *Johnson v. Insurance Co.*, 300 N.C. 247, 252, 266 S.E.2d 610, 615 (1980).

General Statutes § 153A-323 provides that before adopting or amending any ordinance authorized by Article 18, the board of commissioners shall hold a public hearing on the ordinance or amendment. The statute further provides that the board shall cause notice of the hearing to be published once a week for two successive calendar weeks and that the notice shall be published not less than ten days nor more than twenty-five days before the date fixed for the hearing. It is not disputed that the Board caused notices to be published prior to its enactment of the zoning ordinance on 18 July 1988. Plaintiffs-appellants contend, however, that the notices published were insufficient and inadequate, failing to comply with G.S. § 153A-323 and due process of law.

As a guarantee of due process, parties whose rights are to be affected are entitled to be heard. *In re Wilson*, 257 N.C. 593, 596, 126 S.E.2d 489, 491 (1962); *State v. Wheeler*, 249 N.C. 187, 193, 105 S.E.2d 615, 621 (1958); *In re Gupton*, 238 N.C. 303, 304, 77 S.E.2d 716, 717 (1953). Consequently, notice is an essential element of due process. *Forman & Zuckerman, P.A. v. Schupak*,

38 N.C. App. 17, 247 S.E.2d 266 (1978). In North Carolina, due process requires adequate notice and an opportunity to be heard. *Id.* The required notice must be reasonably calculated under all circumstances to apprise interested parties of the pendency of the action or proceeding and afford them an opportunity to present their objections. *Id.; Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15, 94 L.Ed. 865, 873 (1950). The notice must also reasonably convey the required information, as well as afford a reasonable time for those interested to make their appearance. *Id.*

In the case *sub judice*, the first notices published were not adequate. The first notices, published prior to 18 July 1988, were entitled: "NOTICE OF PUBLIC HEARING ON ZONING ORDINANCE AND ZONING MAP FOR THE FIRST QUADRANT." The title of this notice indicated that the zoning ordinance was only for the first quadrant. The conjunction "and" allowed the reasonable inference that the hearing for the zoning ordinance and the zoning map was exclusively for residents of the first quadrant. We find the notice title misleading, and are of the opinion that it failed to adequately apprise those landowners in the southern section of the county that their rights might be affected by the proposed zoning ordinance. We find the notices inadequate notwithstanding the language included in the body of the notice, which attempts to explain that the hearing is for Harnett County residents, but goes on to speak of soliciting only "the views of residents in the first zoning quadrant on the district boundaries and zoning map of this quadrant."

Defendant county argues that plaintiff landowners did in fact have notice of the zoning ordinance, which is evidenced by the presence of some plaintiffs and one plaintiff's attorney at the hearing. There is no evidence in the record which shows that all of the plaintiffs or landowners in the southern section of Harnett County had actual notice of the intended purpose of the hearing or were represented at the hearing. In the absence of such evidence, we are unwilling to hold that all interested parties had notice consistent with procedural due process. We do recognize, however, that such notice was not necessary since the county's intent at that time was to zone only the northern section of the county. Moreover, defendant county gave proper notice to the residents of the southern section of the county in the second notices which were published after the enactment of the zoning ordinance on 18 July 1988. Those notices, published in October of 1988, stated that there would be a hearing on the zoning map for the southern

half of Harnett County. Plaintiffs, at this hearing, had the opportunity to present their objections to the zoning map as it pertained to their section of the county.

Plaintiffs also complain that when the second notices were published regarding hearings for zoning of the southern section, the notices related only to the map, not to the enactment or extension of the ordinance to the southern half of the county. The notices stated:

> NOTICE OF PUBLIC HEARING ON THE ZONING MAP FOR THE SOUTHERN HALF OF HARNETT COUNTY. . . . The purpose of this hearing is to solicit the views of the residents of Harnett County on the proposed Zoning Map for the Southern half of the county[.] In addition, the hearing will also address an amendment to the Zoning Ordinance Text which would add a fourth Residential District to the Zoning Ordinance.

We find plaintiffs' argument unpersuasive. The mere mentioning of the map implies that there is an accompanying zoning ordinance text. Moreover, G.S. § 153A-344 (1987) only requires the zoning agency to *prepare* both the map and zoning ordinance; the statute does not require that both be mentioned in the title of the legal notice. We find that the residents of the southern section of Harnett County did have adequate notice and an opportunity to prepare and present their objections to the pending process. This assignment of error is overruled.

[2] Plaintiffs next argue that the county failed to conform to the provisions of G.S. § 153A-344 in enacting the zoning ordinance as it pertains to the southern section of the county. General Statute § 153A-344 provides that in order to exercise the power granted under the zoning portion of Article 18, the county shall create or designate a planning agency which shall then prepare a proposed zoning ordinance, including both the full text of such ordinance and maps showing proposed district boundaries. Plaintiffs argue the county's failure to have a zoning map for those areas south of the Cape Fear River prior to 18 July 1988, is fatal. We disagree, recognizing that county-wide zoning may be undertaken on an area by area basis pursuant to G.S. § 153A-342 (1987) which provides:

> A county may divide its territorial jurisdiction into districts of any number, shape, and area that it may consider best suited to carry out the purposes of this Part. . . . A county

may determine that the public interest does not require that the entire territorial jurisdiction of the county be zoned and may designate one or more portions of that jurisdiction as a zoning area or areas[.]

Applying this statute to the instant case, we conclude that G.S. § 153A-342 does not require the county to have a zoning map for the *entire* county when its objective is to implement zoning on an area by area basis. General Statutes § 153A-344, which requires the planning agency to prepare a zoning ordinance including both the full text of the ordinance and a map showing the proposed district boundaries, must be read in conjunction with G.S. § 153A-342. A reading of the two statutes together indicates that the full text of the ordinance and only a map of the area then being zoned is required. Plaintiffs' argument that the ordinance is invalid because there was no map of the southern half of the county available at the public hearing on 18 July 1989, therefore, is without merit.

[3] Plaintiffs also contend that the county failed to follow the proper procedures to extend the ordinance to the southern section of the county by amendment pursuant to G.S. § 153A-343 (1987), G.S. § 153A-344, and the terms of the zoning ordinance.

General Statutes § 153A-344 provides:

Zoning regulations and restrictions and zone boundaries may from time to time be amended, supplemented, changed, modified, or repealed. Whenever territory is added to an existing designated zoning area, it shall be treated as an amendment to the zoning ordinance for that area.

Accordingly, the addition of the southern section of the county to the northern half which was already zoned, constitutes an amendment to the zoning ordinance. Plaintiffs argue that the amendment to the zoning ordinance is governed by G.S. § 153A-343. Plaintiffs, however, are incorrect, as this statute applies only when tax maps are available for the areas to be zoned. At the time of the zoning, there were no tax maps available for Harnett County. This assignment of error is also overruled.

[4] Although G.S. § 153A-343 is qualified and restricted in its application, the Harnett County Zoning Ordinance does not contain such restrictions. Article XIII, sections 3.0 and 3.1 of the zoning ordinance provide that from time to time the Board of Commis-

sioners may amend the ordinance according to the following procedure:

*Notice of Public Hearing*

No amendment or map change shall be adopted by the County Board of Commissioners until and after public notice and hearing. Notice of public hearing shall be published in a newspaper of general circulation in the county, at least once a week for two successive weeks prior to the hearing, the first publication not being less than 15 days nor more than 25 days before the date of the hearing. Notices shall also be made by posting the property concerned and by sending notices by first class mail to owners of the affected and surrounding property. The Zoning Administrator shall be responsible for mailing the notices and certifying that the notices were sent.

The clear and unequivocal language of the zoning ordinance itself requires notice by mail and posting of the property to be zoned. Because the county failed to follow its own procedures as delineated in the zoning ordinance that it wrote, the zoning ordinance must be adjudicated invalid as to the southern section of the county.

Our decision finds support in *Lee v. Simpson*, 44 N.C. App. 611, 261 S.E.2d 295, *disc. review denied*, 299 N.C. 737, 267 S.E.2d 662 (1980). In *Simpson*, the issue was whether the Union County Board of Commissioners violated the provisions of the county's zoning ordinance when it failed to give notice to adjoining landholders as required by the ordinance. The ordinance required in part that "[a]ll petitions for change in the zoning map shall include a legal description of the property involved and the names and addresses of current abutting property owners[.]" Petitioners' names and addresses were not listed in the rezoning petition. The ordinance also required the mailing of copies of the petition to the landowners at their last known address by regular mail. The county failed to notify the owners in this way. The *Simpson* Court held that although the board may have complied with G.S. § 153A-323, it must also comply with its own rule. The Court, setting the amendment aside, stated:

The procedural rules of an administrative agency are binding upon the agency which enacts them as well as upon the public. . . . To be valid, the action of the agency must conform to its rules which are in effect at the time the action is taken,

particularly those designed to provide procedural safeguards for fundamental rights. *Refining Co. v. Board of Aldermen,* 284 N.C. 458, 467-68, 202 S.E.2d 129, 135 (1974); *George v. Town of Edenton,* 294 N.C. 679, 242 S.E.2d 877 (1978).

*Simpson* at 612, 261 S.E.2d at 296. In the case *sub judice,* the zoning ordinance as it relates to the southern quadrant is also invalid because the board failed to comply with its own notice requirements.

Defendant county contends that Article XIII, sections 3.0 and 3.1 of the zoning ordinance apply only to changes and amendments made after the initial adoption of the zoning ordinance in a particular area, and the purpose and intent was "that posting of property and notification of owners of adjoining property relates only to actions to re-zone parcels of property, not with respect to the initial zoning of all of the area north or all of the area south of the Cape Fear River." In light of the fact that defendant county was the drafter of the ordinance in question and in a position to include any restrictions and qualifications it chose, we are unwilling to give great weight to the county's unmanifested, unwritten intention. Harnett County failed to exclude county-wide zoning from sections 3.0 and 3.1 of the ordinance which requires notice by posting and by mail; the sections are, therefore, applicable to the instant case. Because the Harnett County Board of Commissioners violated its own ordinance's notice requirements for amending the zoning ordinance, the zoning amendment must be set aside as to the southern section of the county.

[5] In addition, defendants argue that this action is barred by the nine month statute of limitations set out in G.S. § 1-54.1 (1983). Defendants failed to affirmatively plead the statute of limitations in its answer, but raised the defense by affidavit at the summary judgment hearing. Although an affirmative defense may be raised for the first time by affidavit for the purposes of ruling on a motion for summary judgment, both parties must be aware of the defense. *Wilson Heights Church of God v. Autry,* 94 N.C. App. 111, 379 S.E.2d 691 (1989); *Gillis v. Whitley's Discount Auto Sales,* 70 N.C. App. 270, 319 S.E.2d 661 (1984). In this case, there is no evidence indicating that plaintiffs were aware of the defense. The defense should not have been considered, if it was, by the trial court in granting summary judgment.

The decision of the trial court is

Reversed.

Judge EAGLES concurs.

Judge ORR concurring in the result by separate opinion.

Judge ORR concurring in the result.

I agree with the majority that the original notices prior to 18 July 1988 were inadequate to apprise residents of the southern section of the county of the Commissioners' intent to adopt a zoning ordinance. Those citizens in the southern section were not properly notified of this pending enactment. However, I disagree with the majority's conclusion that the second notice of October 1988 pertaining to the southern half of the county was adequate to overcome the earlier failure. This second notice pertained only to the proposed Zoning Map and not to the enactment of the actual Zoning Ordinance which had been already enacted without proper notice to the residents of the southern section of the county.

Since the majority concludes, however, that the trial court's decision should be reversed based on a failure to properly amend the ordinance, I concur in the result.