IN THE MATTER OF THE CUSTODY OF TONY GWYN GUPTON, A MINOR.

(Filed 30 September, 1953.)

1. **Constitutional Law § 21—**

   A litigant in every kind of judicial proceeding has the right to an adequate and fair hearing before he can be deprived of his claim or defense by judicial decree. Constitution of N. C., Art. I, sec. 17.

2. **Same—**

   Where a claim or defense turns upon a factual adjudication, the constitutional right of the litigant to an adequate and fair hearing requires that he be apprised of all the evidence received by the court, and be given an opportunity to test, explain or rebut it.

3. **Same: Habeas Corpus § 3—**

   In this contest between husband and wife, living in a state of separation without being divorced, to obtain custody of their minor child, it appeared that the court had an officer of the law make a private investigation of the parties, and that the court's findings and adjudication based thereon rested in large measure upon the secret information thus obtained. *Held:* The judgment must be set aside and the cause remanded for a hearing in accordance with the law of the land.

APPEAL by petitioner from the *Honorable Joseph W. Parker,* Judge assigned to the Second Judicial District, at Chambers in Tarboro, North Carolina, 1 April, 1953.

Contest between husband and wife over custody of their small daughter heard upon a writ of *habeas corpus* under G.S. 17-39.

These are the salient facts:

1. The petitioner Talmadge Gupton and the respondent Evelyn Farmer Gupton are husband and wife. They are living in a state of separation without being divorced. Each of them seeks the custody of their small daughter Tony Gwyn Gupton in this proceeding.

2. Two hearings were had in the proceeding. The first was conducted on 16 February, 1953, and the second was held on 1 April, 1953. The petitioner and the respondent were present in person and by counsel at both hearings, and offered voluminous evidence in the form of affidavits in support of their respective claims to the custody of their daughter.

3. After the first hearing and before the second, the judge made "an independent investigation of the private and home life of the parties to the controversy" through the instrumentality of "an officer of the law," whose identity is not disclosed. In so doing, the judge acted on his "own motion and without the knowledge of the litigants or their attorneys."

4. At the conclusion of the second hearing, the judge entered a judgment wherein he found as a fact that it would best promote the interest and welfare of the child for her to live with the respondent and wherein he awarded the custody of the child to the respondent.

5. The judgment recites, in essence, that the judge gathered secret information concerning the petitioner and the respondent in the manner stated in paragraph 3, that he gathered the secret information to aid him "in arriving at a proper conclusion based upon true facts," and that he founded his factual adjudication and his resultant award of custody in large measure upon the secret information because he deemed it to be "reliable."

6. The petitioner excepted to the judgment and appealed. He asserts in his assignments of error "that the judgment is based upon evidence and matters not in the record."

*T. A. Burgess and Yarborough & Yarborough for petitioner, appellant.*
*W. O. Rosser for respondent, appellee.*

ERVIN, J. The law of the land clause embodied in Article I, Section 17, of the North Carolina Constitution guarantees to the litigant in every kind of judicial proceeding the right to an adequate and fair hearing before he can be deprived of his claim or defense by judicial decree. *Eason v. Spence,* 232 N.C. 579, 61 S.E. 2d 717; *Surety Corp. v. Sharpe,* 232 N.C. 98, 59 S.E. 2d 593.

Where the claim or defense turns upon a factual adjudication, the constitutional right of the litigant to an adequate and fair hearing requires that he be apprised of all the evidence received by the court and given an opportunity to test, explain, or rebut it. *In re Edwards' Estate,* 234

N.C. 202, 66 S.E. 2d 675; *S. v. Gordon,* 225 N.C. 241, 34 S.E. 2d 414; *Interstate Commerce Commission v. Louisville & N. R. Co.,* 227 U.S. 88, 33 S. Ct. 185, 57 L. Ed. 431.

The judgment sets at naught the petitioner's constitutional right to an adequate and fair hearing. It deprives him of his claim to the custody of his daughter upon a factual adjudication based in substantial part upon evidence of an unrevealed nature gathered by the presiding judge in secret from undisclosed sources without his knowledge or that of his counsel.

The judgment is set aside and the proceeding is remanded to the Superior Court of Nash County to the end that it may be heard anew agreeably to the law of the land.

Error and remanded.