STATE OF NORTH CAROLINA v. CHARLES CLIFTON JONES

No. 9115SC562

(Filed 5 May 1992)

**Constitutional Law § 255 (NCI4th)— driving while impaired— breath sample not preserved—no violation of due process**

A defendant in a driving while impaired prosecution was not denied his state or federal due process rights by the State's failure to take and to preserve an additional breath sample for independent testing by defendant or to produce the control and test ampules for defendant's examination. This was in no way an adjudication based on unrevealed evidence gathered in secret from a source undisclosed to defendant or his counsel; defendant had ample opportunity and adequate means to test, explain, or rebut the State's evidence; and there was no evidence to suggest that the breath samples and test ampules would provide exculpatory evidence.

**Am Jur 2d, Automobiles and Highway Traffic § 377.**

**Destruction of ampoule used in alcohol breath test as warranting suppression of result of test. 19 ALR4th 509.**

APPEAL by defendant from judgment entered 2 April 1991 by *Judge J. Milton Read, Jr.* in ORANGE County Superior Court. Heard in the Court of Appeals 19 February 1992.

On 21 October 1990, defendant was stopped for speeding on U.S. 70. The trooper who stopped defendant smelled alcohol on his breath and arrested him for driving while impaired and speeding. After being taken to the Highway Patrol District Office, defendant submitted to a chemical analysis of his breath using a breathalyzer. Defendant was tested twice, the results of each test showing an alcohol concentration of 0.15.

Defendant was found guilty in district court of speeding and driving while impaired. Defendant then appealed to the superior court. Prior to trial in superior court, defendant filed a Request for, or in the alternative, Motion for Discovery in an effort to obtain a breath sample taken at the same time he was tested as well as the test ampule and the control ampule used in the tests. The trial court denied defendant's motion after determining that these items were disposed of in keeping with standard procedures and were no longer available. Defendant next filed a Motion to Suppress and an Amended Motion to Suppress breath test evidence. These motions, which were consolidated for hearing, were also denied. Defendant then pled guilty to both charges while preserving his right to appeal. From this judgment, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Joseph P. Dugdale, for the State.*

*Coleman, Bernholz, Bernholz, Gledhill, Hargrave & Herman, by John D. Loftin, for defendant-appellant.*

ORR, Judge.

The question on appeal is whether the trial court erred by denying defendant's motion to suppress the breathalyzer results. Defendant asserts that failure to take and to preserve an additional breath sample for independent testing by defendant or to produce the control and test ampules for defendant's examination violates state and federal due process.

The United States Supreme Court has held that the Due Process Clause of the Fourteenth Amendment does not require state or local law enforcement agencies to preserve breath samples in order to introduce breath analysis results at trial. *California v.*

*Trombetta,* 467 U.S. 479, 491, 81 L.Ed.2d 413, 423 (1984). In reaching this conclusion, the Court distinguished access-to-evidence cases, which require the prosecution to deliver exculpatory evidence to the defendant, from cases in which the government may have a duty to preserve potentially exculpatory evidence on behalf of a defendant. Failure to make available exculpatory evidence clearly violates the due process guarantee to present a meaningful defense, whereas failure to preserve potentially exculpatory evidence does not automatically constitute a violation of the Federal Constitution. 467 U.S. at 485-86, 81 L.Ed.2d at 420-21.

In *Trombetta,* the Court first noted that the officers acted in good faith and in accordance with their normal practice when they destroyed the breath samples. 467 U.S. at 488, 81 L.Ed.2d at 422, *citing Killian v. United States,* 368 U.S. 231, 7 L.Ed.2d 256 (1961). Of primary significance, however, when determining if there is a constitutional duty to preserve evidence is whether the evidence in question meets the standard of "constitutional materiality." 467 U.S. at 489, 81 L.Ed.2d at 422, *citing U.S. v. Agurs,* 427 U.S. 110, 49 L.Ed.2d 342 (1984). In order to meet this standard, evidence must possess both an exculpatory value that was apparent before the evidence was destroyed and be of such nature that the defendant would be unable to obtain comparable evidence by other reasonably available means.

In the case at bar, the trial court found as fact that the sample and test ampules were disposed of by the officer performing the test in accordance with standard test procedures. Defendant does not challenge this finding or make any allegation to the contrary. More importantly, defendant presented no evidence to indicate that the breath samples would have been exculpatory. We also note that defendant potentially has other means of calling into question the reliability of the breath samples and demonstrating his innocence. These alternative means included attacking the reliability of the particular machine used in performing the breathalyzer test. *See, e.g.,* N.C. Gen. Stat. § 20-139.1(b2)(2) (breath analysis results inadmissible if preventive maintenance not performed). Defendant also has a statutory right to have a witness present when the breathalyzer test is administered. N.C. Gen. Stat. § 20-16.2(6) (person charged has the right to call an attorney and select a witness to view testing procedure provided testing may not be delayed for longer than 30 minutes). Furthermore, defendant has the right, pursuant to N.C. Gen. Stat. § 20-139.1(d) to have a qualified person

of his own choosing administer additional chemical tests, or to have a qualified person withdraw blood for later testing by a person of defendant's choosing. *See, e.g., State v. Bumgarner*, 97 N.C. App. 567, 389 S.E.2d 425, *disc. review denied*, 326 N.C. 599, 393 S.E.2d 873 (1990) (procedure established by N.C. Gen. Stat. § 20-139.1(d) for obtaining additional chemical tests satisfies due process requirements). Finally, defendant can cross-examine the officer who administered the test and the charging officer and can call witnesses to testify regarding the amount of alcohol consumed and present medical evidence as to the effect of the alcohol consumed.

Likewise, we conclude that the chemical analysis statute does not violate the Law of the Land Clause of Article I, Section 19 of our State Constitution. The Law of the Land Clause is synonymous with Fourteenth Amendment due process. *State v. Smith*, 90 N.C. App. 161, 368 S.E.2d 33 (1988). In construing the Law of the Land Clause, our courts have historically held that while decisions of the U.S. Supreme Court concerning federal due process are not binding on the courts of this state, they are highly persuasive. 90 N.C. App. at 163, 368 S.E.2d at 35, *citing Watch Co. v. Brand Distributors and Watch Co. v. Motor Market*, 285 N.C. 467, 474, 206 S.E.2d 141, 146 (1974).

Defendant, relying on *In re Gupton*, 238 N.C. 303, 77 S.E.2d 716 (1953), argues that the Law of the Land Clause requires the prosecution to produce equivalent breath samples and control ampules so that the accused may test, explain or rebut the results of the breath test. We disagree. First, *Gupton* is factually distinguishable from the case at bar. In *Gupton*, the trial judge made an independent investigation of the private lives of the litigants in a custody proceeding. The information gathered as a result of this secret investigation was then relied upon in making the factual adjudication. In holding that the constitutional right of the petitioner was violated by this practice, Justice Ervin stated that "the constitutional right . . . to an adequate and fair hearing requires that [the litigant] be apprised of all the evidence received by the court and given an opportunity to test, explain, or rebut it." *Id.* at 304, 77 S.E.2d at 717-18. In contrast, defendant in the case at bar had ample opportunity and adequate means to test, explain, or rebut the state's evidence. This was in no way an adjudication based on unrevealed evidence gathered in secret from a source undisclosed to defendant or his counsel. Absent any evidence to

STATE EX REL. UTILITIES COMM. v. CAROLINA UTILITY CUST. ASSN.

[106 N.C. App. 218 (1992)]

suggest that the breath samples and test ampules would provide exculpatory evidence, we cannot say that as a matter of constitutional law, the defendant has been denied his due process rights under the state or federal Constitution. The trial court therefore did not err in denying defendant's motion to suppress evidence obtained as the result of a breathalyzer test.

No error.

Chief Judge HEDRICK and Judge WALKER concur.