**SPRINGER-EUBANK CO. v. FOUR CTY. ELEC. MEMBERSHIP CORP.**

[142 N.C. App. 496 (2001)]

Finally, I believe considering defendant's appeal on the merits at this time would "prevent further expenditure of this Court's time and other expenses by the State." *State v. Morris,* 41 N.C. App. 164, 166, 254 S.E.2d 241, 242, *cert. denied,* 297 N.C. 616, 267 S.E.2d 657 (1979). As a practical matter, given that the State does not contest that defendant reserved his right to appeal before plea negotiations were finalized, all that will be achieved by dismissing this appeal and allowing defendant to seek an evidentiary hearing on the issue is an unnecessary delay in addressing the merits of defendant's appeal, and additional expenditures by the State.

For the reasons set forth herein, I respectfully dissent.

———

SPRINGER-EUBANK COMPANY, B.J. WILLIAMSON, INC., SMITH BROS. GAS CO., AND WALANE GAS COMPANY, INC., PLAINTIFFS v. FOUR COUNTY ELECTRIC MEMBERSHIP CORPORATION, AND FOUR COUNTY SERVICEPLUS, INC., DEFENDANTS

No. COA00-326

(Filed 20 March 2001)

### Utilities— electric membership cooperative—distribution of natural gas

The trial court correctly dismissed as moot a declaratory judgment action seeking an injunction barring an electric membership cooperative from distributing propane gas where the General Assembly enacted legislation during the action which permitted electric membership corporations to continue present and former involvement in the sale and distribution of propane products.

Appeal by plaintiffs from order entered 13 October 1999 by Judge Ben F. Tennille in New Hanover County Superior Court. Heard in the Court of Appeals 25 January 2001.

*Rountree & Seagle, L.L.P., by George Rountree, III, J. Harold Seagle, and Charles S. Baldwin, IV, for plaintiff-appellants.*

*Crisp, Page & Currin, L.L.P., by Cynthia M. Currin, and Johnson & Lambeth, by Robert White Johnson, for defendant-appellee Four County Electric Membership Corporation.*

*Moore & Van Allen, by Joseph W. Eason and Jonathan D. Sasser, for defendant-appellee Four County ServicePlus, Inc.*

MARTIN, Judge.

Plaintiffs, who are four independent distributors and suppliers of propane gas in southeastern North Carolina, filed this action seeking a declaratory judgment and injunctive relief permanently enjoining defendants from distributing and supplying propane gas in that geographic area and requiring defendants to "divest themselves of their interests in" Four County Propane, L.L.C. ("Propane"). Defendant Four County Electric Membership Corporation ("Four County") is a non-profit corporation, existing and operating pursuant to the provisions of Chapter 117 of the North Carolina General Statutes, which distributes electric power to customers in Duplin, Sampson, Bladen, Pender, Columbus and Onslow counties. Defendant Four County ServicePlus, Inc. ("ServicePlus") was incorporated in 1997 and is a wholly-owned subsidiary of Four County. ServicePlus maintains a five member board of directors, three of whom are both outside directors and independent of Four County. It has its own officers, bylaws, accounting books, bank account and minutes. In August 1998, ServicePlus entered into a joint venture with Jenkins Gas and Oil Company ("Jenkins") forming a limited liability company, Propane, for the purpose of propane gas distribution. Both ServicePlus and Jenkins had a 50% interest in Propane.

Plaintiffs allege that defendants' conduct in distributing propane gas in eastern North Carolina is unlawful. Plaintiff Springer-Eubank Company alleges it lost twenty-two customers to Propane; the remaining plaintiffs allege that their market value has decreased as a result of Propane's entry into the market.

Both sides moved for summary judgment. While the motions were pending, the North Carolina General Assembly enacted Session Law 1999, Sec. 180, which amended G.S. § 117-18.1 and clarified the right of electric membership cooperatives to engage in activities related to the sale of propane. In July 1999, as a response to the amendment, ServicePlus sold its interest in Propane to Four County. Defendants then moved to dismiss plaintiffs' claims. The trial court entered an order dismissing plaintiffs' claims for lack of subject matter jurisdiction because the issue had been rendered moot by the passage of Session Law 1999, Sec. 180. Plaintiffs appeal this order and defendants cross-appeal earlier determinations by the trial court.

Plaintiffs assign error to the trial court's dismissal of their claims against ServicePlus and Four County. Plaintiffs contend Four County's activity in the propane gas business exceeds both its statutory and charter powers and is therefore unlawful.

" 'An act by a private . . . corporation is *ultra vires* if it is beyond the purposes or powers expressly or impliedly conferred upon the corporation by its charter and relevant statutes and ordinances.' " *Miesch v. Ocean Dunes Homeowners Ass'n, Inc.*, 120 N.C. App. 559, 563, 464 S.E.2d 64, 67 (1995), *disc. review denied*, 342 N.C. 657, 467 S.E.2d 717 (1996) (quoting *Rowe v. Franklin County*, 318 N.C. 344, 348-49, 349 S.E.2d 65, 68-69 (1986)). Four County's articles of incorporation, filed in December 1937, provide that it was "granted permission to form an Electric Membership Corporation" and state:

> [t]he corporation shall possess and be authorized to exercise and enjoy all of the powers, rights, and privileges granted to or conferred upon corporations of the character of this corporation by the laws of the State of North Carolina or hereinafter in force.

Four County's articles of incorporation, therefore, authorize it to exercise the powers and fulfill the purposes provided by statute to electric membership corporations.

The pertinent statute in this case is Chapter 117, Article 2, Section 18.1 of the North Carolina General Statutes. G.S. § 117-18.1(b), as amended by Session Law 1999, Sec. 180, provides:

> [a]n electric membership corporation may not form or organize a separate business entity to engage in activities involving the distribution, storage or sale of oil, as defined in G.S. 143-215.77(8), specifically including liquefied petroleum gases, but may acquire, hold, dispose of, and operate any interest in an existing business entity already engaged in these activities, subject to the other provisions of this section.

The trial court interpreted this provision as authorizing Four County's ownership of an interest in Propane. Because the relief sought by plaintiffs was injunctive, the trial court determined that the claims became moot upon its enactment.

Alleged errors in statutory interpretation are reviewable *de novo*. *Armstrong v. N.C. State Bd. of Dental Examiners*, 129 N.C. App. 153, 499 S.E.2d 462, *disc. review denied*, 348 N.C. 692, 511 S.E.2d 643 (1998), *cert. denied*, 525 U.S. 1103, 142 L.Ed.2d 770 (1999). On appeal,

plaintiffs raise two issues of statutory interpretation: (1) whether Four County's activities constitute "form[ing] or organiz[ing]" a separate business entity or constitute "acquir[ing] or hold[ing]" an interest in an existing business entity, and (2) whether the statute applies retroactively in this instance.

Plaintiffs contend Four County's activity in the propane gas business is unlawful because such activity constituted the forming and organizing of a separate business entity, prohibited by the statute. According to plaintiffs, Four County entered into Propane as a new joint venture and therefore formed and organized a separate business. At the root of plaintiffs' argument is the assumption that this Court should "pierce the corporate veil" and view ServicePlus' activity in the propane market as that of Four County. Because we conclude that the statute authorizes Four County's involvement in the propane industry and applies retroactively, we need not determine whether ServicePlus' actions are, in fact, those of Four County.

"Where the language of a statute is clear and unambiguous . . . the courts must construe the statute using its plain meaning." *Burgess v. Your House of Raleigh, Inc.*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990) (citation omitted). G.S. § 117-18.1(b) provides that an electric membership corporation "may acquire, hold, dispose of, and operate any interest in an *existing business entity* already engaged in these activities." (emphasis added). Propane was formed as a limited liability company in August 1998 for the purpose of distributing propane gas, and had four employees by October 1998. Thus, applying the clear and unambiguous language of the statute, Propane was an existing business which distributed propane gas upon the effective date of the statutory amendment.

Plaintiffs next contend Propane was nevertheless not a *lawfully* existing business at the time the amended statute took effect. They contend Four County was not authorized under the previous statute to engage in the distribution, storage or sale of propane gas, and therefore Four County's activities were unlawful. They argue the amended statute does not act retroactively to make those prior illegal activities lawful.

"It is a well established principal [sic] of law in this State that a statute is presumed to have prospective effect only and should not be construed to have a retroactive application unless such an intent is clearly expressed or arises by necessary implication from the terms of the legislation." *Wilson Ford Tractor, Inc. v. Massey-Ferguson,*

*Inc.*, 105 N.C. App. 570, 573, 414 S.E.2d 43, 45, *affirmed*, 332 N.C. 662, 422 S.E.2d 576 (1992) (citations omitted). The statute does not expressly state that it operates retroactively; however, retroactive application of this statute under the facts of this case arises by implication from the language of the provision. The statute, as amended, provides: "an electric membership corporation . . . may acquire, *hold*, dispose of, and operate any interest in an existing business entity already engaged in these activities. . . ." N.C. Gen. Stat. § 117-18.1(b) (emphasis added). We believe the General Assembly's inclusion of the word "hold" is instructive. Although not defined in the statute, the word "hold" is defined in Black's Law Dictionary 731 (6th ed. 1990), as pertinent here, as "[t]o keep; to retain; to maintain possession of or authority over." Use of the word "hold" in the statute therefore evidences an acknowledgment by the General Assembly that electric membership corporations may already have interests in the sale or distribution of propane gas and that it desired to authorize their retention of such interests. We must therefore conclude that the General Assembly intended the statute to have retroactive application in this instance and that it authorizes Four County's past interest, if any, in Propane. As the trial court stated in its order, "[i]t would be illogical to hold that Four County could not continue to hold an interest, which the amendment now permits it to acquire, just because such interest was acquired prior to the amendment." Because we have held that the statutory amendment has retroactive application under the facts of this case, it is unnecessary for us to consider or determine whether or not Four County's activity, if any, in the propane industry prior to the amendment's enactment was lawful.

In this action, plaintiffs sought only declaratory and injunctive relief. Having held that the amended statute permits electric membership corporations to continue present and former involvement in the sale and distribution of propane products, we conclude the trial court was correct in determining it no longer had subject matter jurisdiction because the issue is moot.

> Whenever during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain an action merely to determine abstract propositions of law. If the issues before the court become moot at any time during the course of the proceedings, the usual response is to dismiss the action.

*Simeon v. Hardin,* 339 N.C. 358, 370, 451 S.E.2d 858, 866 (1994) (citation omitted). In the case before us, the question originally in controversy between the parties was answered by the General Assembly's enactment of Session Law 1999, Sec. 180. Accordingly, the claim against Four County is moot. Because plaintiffs' claim against ServicePlus is derivative of their claim against Four County, it is also moot. We therefore affirm the trial court's dismissal of all claims and need not address defendants' cross-assignments of error.

Affirmed.

Judges TIMMONS-GOODSON and THOMAS concur.