G.W. HOUSTON, Petitioner v. TOWN OF CHAPEL HILL, A Municipality, Respondent, and THE UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL, Third-Party Respondent

No. COA05-1461

(Filed 6 June 2006)

## 1. Administrative Law— closing of road—appeal from town council to superior court—new evidence

A superior court sitting in appellate review of a town council decision on a road closing may hear additional evidence only on whether the council complied with statutory procedural requirements concerning a road closing, and the superior court here did not err by not conducting an evidentiary hearing and making findings and conclusions.

## 2. Appeal and Error— assignments of error—insufficient to raise constitutional issue

The lack of a constitutional reference in an assignment of error meant that any constitutional question was not preserved for appellate review.

## 3. Highways and Streets— road closing—superior court hearing—no new evidence

Town council hearings were the proper place for petitioner to present and rebut evidence about the closing of a road, and the superior court did not err by refusing to allow petitioner to present evidence at the hearing on his petition to vacate an order closing the road.

Appeal by petitioner from an order entered 24 May 2005 by Judge J.B. Allen, Jr. in Orange County Superior Court. Heard in the Court of Appeals 17 May 2006.

*Robert A. Hassell and G. Keith Whited for petitioner-appellant.*

*Attorney General Roy Cooper, by Special Deputy Attorney General Thomas J. Ziko, and Ralph D. Karpinos for respondent-appellees.*

BRYANT, Judge.

G.W. Houston (petitioner) appeals from an order entered 24 May 2005 dismissing his petition and affirming the order of the Town Council (Council) of the Town of Chapel Hill (Town) closing a portion of Laurel

Hill Road in Chapel Hill, North Carolina. We affirm the order of the superior court.

### Facts and Procedural History

Petitioner is the owner of a home on Kings Mill Road in the Morgan Creek subdivision of Chapel Hill, North Carolina. Petitioner's home is nine lots west of the intersection of Kings Mill Road and Laurel Hill Road, which provides access to Fordham Boulevard for the residents, property owners and guests of the Morgan Creek subdivision. The Morgan Creek subdivision has five additional access points onto Fordham Boulevard.

On 3 August 2004, the University of North Carolina at Chapel Hill (the University) filed a request with the Council seeking the closure of part of Laurel Hill Road, citing three reasons: to promote safety; to unify the grounds of the North Carolina Botanical Garden; and to provide better teaching and visitor experiences. Property on both sides of the proposed road closure belongs to the University and is used by the North Carolina Botanical Garden.

On 7 September 2004, the Council passed a resolution establishing a public hearing on 18 October 2004 for the purpose of receiving public comment on the proposed closing of 1,000 feet of Laurel Hill Road. On 13 September 2004, the Council adopted a second resolution calling for the closing of the entire section of Laurel Hill Road from Coker Road to Fordham Boulevard. The second resolution also required that notice be published, posted on the property and mailed to appropriate property owners and utility companies.

Hearings before the Council on the proposed closure of Laurel Hill Road were held on 18 October, 27 October, and 22 November 2004. At the 18 October 2004 public hearing, statements were presented to the Council showing both public support for and opposition to the road closure; citing roadway overcrowding, issues as to bad weather conditions, fire and emergency vehicle access, and other issues. The Council also received numerous letters and e-mails from various citizens, including petitioner, expressing their support or opposition to the proposed closure. These materials were part of the record before the Council when it considered this matter.

On 22 November 2004, the Council adopted an Order, pursuant to N.C. Gen. Stat. § 160A-299, permanently closing the section of Laurel Hill Road from Coker Drive to Fordham Boulevard. In its Order, the Council found that:

**HOUSTON v. TOWN OF CHAPEL HILL**

[177 N.C. App. 739 (2006)]

upon review of the facts and of information received at the Public Hearing, that the closing of the Laurel Hill Road right-of-way between Coker Drive and Fordham Boulevard would not be contrary to the public interest, and that no individual owning property in the vicinity of the Laurel Hill Road right-of-way proposed for closure would be deprived of reasonable means of ingress and egress to his or her property by the closing of said right-of-way.

On 22 December 2004, petitioner filed a "Petition to Vacate and Appeal from [the] Order of the Town Council Closing a Municipal Road" in Orange County Superior Court. The Town filed and served its response and the certified Record of Proceedings before the Council pertaining to the closing of Laurel Hill Road on 23 February 2005. On 5 April 2005, the University filed·a motion to intervene as a third party respondent, along with a response to petitioner's appeal.

Petitioner's appeal was heard before the Honorable J.B. Allen, Jr. in Orange County Superior Court on 16 May 2005. The superior court allowed the University's motion to intervene in open court and entered an Order to that effect on 20 May 2005. On 24 May 2005, the superior court entered an Order finding petitioner was a person aggrieved by the closing of Laurel Hill Road and thus had standing to present his appeal to the superior court. However, the superior court dismissed petitioner's appeal and affirmed the Order of the Council closing the portion of Laurel Hill Road between Coker Drive and Fordham Boulevard. Petitioner appeals.

---

Petitioner raises the issues of whether the superior court erred in: (I) failing to conduct an evidentiary hearing pursuant to N.C. Gen. Stat. § 160A-299(b) and make findings of fact and conclusions of law from the evidence at the hearing; (II) denying petitioner's motion to continue the hearing on the petition; and (III) refusing to allow petitioner to present evidence at the hearing on his petition. For the reasons below, we affirm the Order of the superior court.

*I*

[1] As petitioner concedes in his brief, the power to close a public street is a legislative power granted to municipal corporations, and, if exercised within the meaning of the statute, and not arbitrarily or capriciously, should be upheld. *See Homebuilders Ass'n of Charlotte, Inc. v. City of Charlotte*, 336 N.C. 37, 442 S.E.2d 45 (1994); *see also* N.C. Gen. Stat. §§ 160A-4, 160A-299 (2005). However, petitioner argues that, pursuant to N.C. Gen. Stat. § 160A-299, he has the right to show by evidence

presented to the superior court that the factors determined by the Town were insufficient to meet the standards required by statute. Petitioner contends the superior court erred in deciding he "had no right to meaningful discovery, had no right to be heard about the addition of a new party, declined to allow the Plaintiff to call witnesses or to testify in his own behalf, and undertook a review of the written record from the Town Council." Petitioner argues the language of N.C. Gen. Stat. § 160A-299(b), stating that "all facts and issues shall be heard and decided by a judge, sitting without a jury[,]" gives him the right to present evidence on appeal to the superior court. N.C.G.S. § 160A-299(b) (2005). We disagree.

N.C. Gen. Stat. § 160A-299 sets forth the procedure a town must follow when it "proposes to permanently close any street or public alley[.]" N.C.G.S. § 160A-299(a) (2005). The statute further provides:

If it appears to the satisfaction of the council after the hearing that closing the street or alley is not contrary to the public interest, and that no individual owning property in the vicinity of the street or alley or in the subdivision in which it is located would thereby be deprived of reasonable means of ingress and egress to his property, the council may adopt an order closing the street or alley.

*Id.* Additionally, "[a]ny person aggrieved by the closing of any street or alley" may appeal the council's order to the superior court. N.C.G.S. § 160A-299(b) (2005). In such appeals,

all facts and issues shall be heard and decided by a judge sitting without a jury. In addition to determining whether procedural requirements were complied with, the court shall determine whether, on the record as presented to the city council, the council's decision to close the street was in accordance with the statutory standards of subsection (a) of this section and any other applicable requirements of local law or ordinance.

*Id.* Thus, on appeal from an order closing a street or alleyway, the superior court must complete three separate inquiries:

(1) whether the council had complied with the procedural requirements of N.C. Gen. Stat. § 160A-299(a);

(2) whether the council's decision was in accordance with the statutory standards of N.C. Gen. Stat. § 160A-299(a), including:

(a) whether closing the street or alley is not contrary to the public interest, and

(b) whether any individual owning property in the vicinity of the street or alley or in the subdivision in which it is located would be deprived of reasonable means of ingress and egress to his property; and

(3) whether the council's decision was in accordance with any other applicable requirements of local law or ordinance.

See N.C.G.S. § 160A-299(b) (2005). However, the language of N.C. Gen. Stat. § 160A-299 specifically states that the latter two inquiries are to be made "on the record as presented to the city council[.]" Id.

"When the language of a statute is clear and without ambiguity, it is the duty of this Court to give effect to the plain meaning of the statute, and judicial construction of legislative intent is not required." Diaz v. Div. of Soc. Servs., 360 N.C. 384, 387, 628 S.E.2d 1, 3 (2006) (citing Burgess v. Your House of Raleigh, Inc., 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990)). Further, when the superior court sits as an appellate court, it is the function of the superior court to determine whether the findings of fact made by a municipal body are supported by the evidence before the municipal body and those findings are sufficient to support the municipal body's decision. See Showcase Realty & Constr. Co. v. City of Fayetteville Bd. of Adjustment, 155 N.C. App. 548, 550, 573 S.E.2d 737, 739 (2002) (stating appellate role of the superior court in reviewing decisions made by a city Board of Adjustment).

From the clear and unambiguous language of N.C. Gen. Stat. § 160A-299(b), the superior court, sitting in appellate review of an order closing a street or alleyway, may only hear additional evidence regarding whether the city council complied with the procedural requirements of N.C. Gen. Stat. § 160A-299(a). Parties are thus not entitled to present new evidence concerning whether closing the street or alley is contrary to the public interest, whether an aggrieved individual would be deprived of reasonable means of ingress and egress to his property, or whether the council's decision was in accordance with any other applicable requirements of local law or ordinance. All such evidence must be presented to the city council for its consideration.

As petitioner did not contest at the hearing in the superior court that all procedural requirements were complied with, and does not argue that any other applicable requirements of local law or ordinance were violated, the superior court did not err in failing to conduct an evidentiary hearing. In providing appellate review of the Council's Order closing a portion of Laurel Hill Road, the superior court was not

required to make any findings of fact. The superior court affirmed the Council's Order after concluding that the Council complied with the mandates of N.C. Gen. Stat. § 160A-299. From the record before this Court, the evidence before the Council supports its finding that the closing of Laurel Hill Road between Coker Drive and Fordham Boulevard is not contrary to the public interest, and that the closure would not deprive any individual owning property in the vicinity of reasonable means of ingress and egress to his or her property. This assignment of error is overruled.

*II*

**[2]** Petitioner also argues the superior court erred in denying his motion to continue. At the 16 May hearing, the superior court denied petitioner's oral motion to continue based on the addition of the University as a new third-party respondent. Petitioner argues that, upon the University's intervention in the appeal before the superior court, he had a right to confront the legal and factual basis underlying the University's request for the road closure. Petitioner claims he had a right to conduct discovery and to contest and confront the factual and legal validity of the University's position in the appeal and that the superior court's denial of his motion to continue violated his constitutional rights under Article I, Sections 18 and 19 of the North Carolina Constitution. However, petitioner has not properly preserved this issue for appellate review.

Rule 10 of the North Carolina Rules of Appellate Procedure requires appellants to "state plainly, concisely and without argumentation the legal basis upon which error is assigned." N.C. R. App. P. 10(c)(1). Petitioner's assignment of error states:

The Trial Court erred prejudicially in denying the Defendant's [sic] Motion to Continue hearing on a Petition to allow the Petitioner's [sic] to conduct discovery against a newly added party.

This assignment of error makes no reference to any constitutional provisions or any violation of petitioner's constitutional rights. Therefore, it is insufficient to preserve a constitutional question for appellate review. *Kimmel v. Brett*, 92 N.C. App. 331, 334-35, 374 S.E.2d 435, 436-37 (1988) (an assignment of error that states the trial court erred to appellant's prejudice insufficient to preserve issue for appellate review). Further, we have reviewed petitioner's claim on its merits and find no error. This assignment of error is overruled.

**IN RE A.J.M.**

[177 N.C. App. 745 (2006)]

*III*

**[3]** Petitioner lastly argues the superior court erred in refusing to allow him to present evidence at the hearing on his petition. Petitioner contends that N.C. Gen. Stat. § 160A-299 is unconstitutional as violative of the Separation of Powers Clause of the Constitution of North Carolina. Petitioner argues N.C. Gen. Stat. § 160A-299 deprives him of his constitutionally guaranteed right to a fair hearing where he is not only "apprised of all the evidence received by the court" but also "given an opportunity to test, explain, or rebut it." *In re Gupton*, 238 N.C. 303, 304, 77 S.E.2d 716, 717-18 (1953).

In *Gupton*, the "factual adjudication [was] based in substantial part upon evidence of an unrevealed nature gathered by the presiding judge in secret from undisclosed sources without [respondent's] knowledge or that of his counsel." *Id.* at 305, 77 S.E.2d at 718. In the instant case, petitioner was given the opportunity to test, explain and rebut the evidence as presented to the Council. The Council held three public hearings on the proposed road closure over the course of two months. These hearings were the proper place for petitioner to present evidence and rebut any evidence contrary to his position. This assignment of error is overruled.

Affirmed.

Judges CALABRIA and ELMORE concur.