IN RE:  ELECTION PROTEST OF ATCHISON

No. COA08-247

(Filed 16 September 2008)

**Elections— town council—irregularity—new election among all candidates**

The trial court correctly ordered a new election among all of the original candidates for a town council election where there were no leading vote getters who would not have been affected by the voting irregularity.

Appeal by State Board of Elections from orders entered 7 and 13 February 2008 by Judge Robert H. Hobgood in Wake County Superior Court. Heard in the Court of Appeals 22 May 2008.

**IN RE ELECTION PROTEST OF ATCHISON**

[192 N.C. App. 708 (2008)]

*Attorney General Roy Cooper, by Special Deputy Attorney General Susan Kelly Nichols and Special Deputy Attorney General Karen E. Long, for the State Board of Elections.*

*Tharrington Smith, L.L.P., by Kenneth A. Soo and Adam Mitchell, for petitioner-appellee.*

BRYANT, Judge.

The State Board of Elections (State Board) appeals from orders entered by Judge Robert H. Hobgood in Wake County Superior Court ordering a new election for two seats on the Clayton Town Council. The orders specified that all candidates listed on the official ballot in the original election were to be listed in the same order on the official ballot in the new election.

On 6 November 2007, five candidates ran for two seats on the Clayton Town Council. After the election, the Johnston County Board of Elections certified the vote totals as follows:

| | | |
|---|---|---|
| 1. | Alex Harding | 527 votes |
| 2. | Art Holder | 516 votes |
| 3. | R.S. (Butch) Lawter, Jr. | 513 votes |
| 4. | Alexander R. Atchison | 457 votes |
| 5. | Michael Starks | 124 votes |
| 6. | Write-in | 4 votes |

On 15 November 2007, Alexander R. Atchison and Robert S. (Butch) Lawter, Jr., two candidates for seats on the Clayton Town Council, filed election protests with the Johnston County Board of Elections (Johnston Board). The protesting candidates alleged non-city residents who were ineligible to vote voted in the Town of Clayton municipal election and city residents who were eligible to vote in the municipal election were given non-city ballots. Atchison asked that a new election be held listing all original candidates for Town Council on the ballot. Lawter asked that a new election be held listing only those candidates who could have been affected by the voting irregularity. On 20 November 2007, the Johnston Board conducted a hearing on the matter.

After the 20 November 2007 hearing, the Johnston Board issued a decision in which it found that twenty individuals were given incorrect ballots. Eighteen voters, who did not reside within the Town of Clayton, were given ballots for the town's municipal election, and two voters, who were residents of the Town of Clayton, were not given the

option to vote in the municipality's election. The Johnston Board further found that the twenty incorrect ballots were sufficient to cast doubt on the outcome of the election. For these reasons the Johnston Board concluded and therefore ordered the protests and the decision of the Johnston Board be sent to the State Board for further action.

The matter came before the State Board on 19 December 2007. After a review of the Johnston Board's decision, the State Board incorporated the findings of the Johnston Board and made the additional finding that the twenty-vote irregularity was sufficient to cast doubt on the election results between Art Holder and R.S. Lawter, Jr. The State Board ordered that a new election be held but only between candidates Holder and Lawter. Atchison appealed to Wake County Superior Court.

In Atchison's appeal, he asked that the court order a new election for the Clayton Town Council including the original candidates on the official ballot or in the alternative a new election including the top three vote getters (i.e., Alex Harding, Art Holder, and R.S. Lawter, Jr.). On 7 February 2008, an order was entered in Wake County Superior Court affirming the State Board's order that a new election be held for the Clayton Town Council, but reversing that portion of the order which limited the new election to candidates Art Holder and Robert Lawter, Jr. Wake County Superior Court remanded the matter to the State Board with instructions that all candidates listed on the official ballot for the original election be listed in the same order on the official ballot for the new election. The State Board filed a Motion for Reconsideration or in the alternative a Motion to Stay. On 13 February 2008, Wake County Superior Court entered an order which denied both motions. The State Board appealed to this Court.

_____

On appeal, the State Board raises only one issue—whether the trial court erred by requiring a new election among all original candidates for Clayton Town Council. The State Board argues that Wake County Superior Court misinterpreted the provisions of N.C. Gen. Stat. § 163-182.13, entitled "New Elections," under Article 15A, "Counting Official Ballots, Canvassing Votes, Hearing Protests, and Certifying Results."

In its brief, the State Board interprets North Carolina General Statute section 163-182.13(e)(2) to mean that where the State Board orders a new election in a multi-seat race, the State Board may limit the candidates on the new official ballot to those candidates on the

original official ballot whose potential to win the election could have been affected by the voting irregularities.

"Although the interpretation of a statute by an agency created to administer that statute is traditionally accorded some deference by appellate courts, those interpretations are not binding." *North Carolina Sav. & Loan League v. N.C. Credit Union Comm.*, 302 N.C. 458, 466, 276 S.E.2d 404, 410 (1981). And, "[w]hen the issue on appeal is whether a state agency erred in interpreting a statutory term, an appellate court may freely substitute its judgment for that of the agency and employ de novo review." *Id.* at 465, 276 S.E.2d at 410 (citation omitted). "When the language of a statute is clear and without ambiguity, it is the duty of this Court to give effect to the plain meaning of the statute, and judicial construction of legislative intent is not required." *Houston v. Town of Chapel Hill*, 177 N.C. App. 739, 743, 630 S.E.2d 249, 253 (2006) (citation omitted).

Under North Carolina General Statutes section 163-182.13,

(a) When State Board May Order New Election.—The State Board of Elections may order a new election, upon agreement of at least four of its members, in the case of any one or more of the following:

(1) Ineligible voters sufficient in number to change the outcome of the election were allowed to vote in the election, and it is not possible from examination of the official ballots to determine how those ineligible voters voted and to correct the totals.

(2) Eligible voters' sufficient in number to change the outcome of the election were improperly prevented from voting.

. . .

(e) Which Candidates to Be on Official Ballot.—All the candidates who were listed on the official ballot in the original election shall be listed in the same order on the official ballot for the new election, except in either of the following:

. . .

(2) If the election is for a multiseat office, and the irregularities could not have affected the election of one or more of the leading vote getters, the new election, upon agreement of at least four members of the State Board, may be held among only those

**IN RE ELECTION PROTEST OF ATCHISON**

[192 N.C. App. 708 (2008)]

remaining candidates whose election could have been affected by the irregularities.

N.C.G.S. § 163-182.13 (2007).

Pursuant to the provisions under N.C.G.S. § 163-182.13(a), because the removal of eighteen unqualified votes and the addition of two qualified votes could change the outcome of the election, the State Board may order a new election. *Id.*

If a new election is ordered, N.C.G.S. § 163-182.13(e) governs which candidate names are to be included on the new official ballot. *Id.* Presumptively, all candidates included on the previous official ballot are to be included on the new election official ballot, with some exceptions. *See Id.* Under N.C.G.S. § 163-182.13(e)(2), one such exception states as follows:

> If the election is for a multiseat office, and the irregularities could not have affected the election of one or more of the leading vote getters, the new election, upon agreement of at least four members of the State Board, may be held among only those remaining candidates whose election could have been affected by the irregularities.

*Id.*

Here, in the Clayton Town Council election, eighteen unqualified voters were allowed to vote and two qualified voters were denied the opportunity. The vote tabulation indicates that though the two highest vote getters won a seat on the Clayton Town Council the three leading vote getters were within eighteen votes of each other. We hold there were no leading vote getters who could not have been affected by the voting irregularity. Therefore, under N.C.G.S. § 163-182.13(e), "[a]ll the candidates who were listed on the official ballot in the original election shall be listed in the same order on the official ballot for the new election . . . ." *Id.*[1] Accordingly, we affirm the orders entered by the Wake County Superior Court.

---

1. We note that on 2 August 2008 our Governor of North Carolina signed Senate Bill 1263 creating Session Law 2008-150, "an act to clarify the new election statute as it applies to multiseat races." This act amended N.C.G.S. § 163-182.13(e).

Section 2.(a) G.S. 163-182.13(e) reads as rewritten:

(e) Which Candidates to Be on Official Ballot.—All the candidates who were listed on the official ballot in the original election shall be listed in the same order on the official ballot for the new election, except in either of the following:

. . .

Affirmed.

Judges TYSON and STEPHENS concur.

———————————

(2) If the election is for a multiseat office, and the irregularities could not have affected the election of one or more of the [DELETED—"leading vote getters,"] [ADDED—"candidates,"] the new election, upon agreement of at least four members of the State Board, may be held among only those [DELETED—"remaining"] candidates whose election could have been affected by the irregularities.

SECTION 2.(b) This section is effective when it becomes law.

Act of Aug. 2, 2008, sec. 2.(a) & (b), 2008 N.C. Sess. Laws 150 (clarifying the new election statute as it applies to multiseat races).

However, "[i]t is a well established principal [sic] of law in the State that a statute is presumed to have a prospective effect only and should not be construed to have a retroactive application unless such an intent is clearly expressed or arises by necessay implication from the terms of the legislation." *Springer Eubank Co. v. Four County Elec. Membr. Corp.*, 142 N.C. App. 496, 499, 543 S.E.2d 197, 200 (2001) (citation omitted). Because the amendments to N.C.G.S. § 163-182.13(e)(2) became effective 2 August 2008 and the session law fails to indicate they are to be applied retroactively, we deem the amendments inapplicable to the instant case.